IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN HOLMES, PATRICIA HOLMES, GERALD FOSTER, DAPHYNE FOSTER, ERNEST TEPPER, AND HELPING HANDS HOME IMPROVEMENT, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LM INSURANCE CORPORATION, LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, AND SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | Civil Action No. 3:19-cv-00466<br>Crenshaw/Newbern<br><br><br>JURY DEMANDED |
| NORTHSIDE CHURCH OF CHRIST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY<br><br>Defendant. | Civil Action No. 3:20-cv-00184<br><br><br>JURY DEMANDED |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiffs Martin Holmes, Patricia Holmes, Gerald Foster, Daphyne Foster, Ernest Tepper, Helping Hands Home Improvement, LLC, and Northside Church of Christ, on behalf of themselves and the proposed Settlement Classes ("Plaintiffs") respectfully move for an order certifying a settlement class solely for purposes of preliminarily approving a settlement agreement, and further ordering preliminary approval in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the Settlement Agreement filed concurrently herewith.

Defendants LM Insurance Corporation ("LM"), Liberty Insurance Corporation ("Liberty"), Liberty Mutual Fire Insurance Company ("Liberty Fire"), Safeco Insurance Company of American ("Safeco"), and Ohio Security Insurance Company ("Ohio Security") (collectively "Defendants") will not oppose this motion for approval of a settlement.[1] For purposes of preliminarily approving the Settlement Agreement only, Plaintiffs seek certification of Settlement Classes defined as follows:

> All policyholders within either the Tennessee Settlement Class, Mississippi Settlement Class, or Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all policyholders under any commercial property damage insurance policy issued

---

[1] As Paragraphs 1.11-1.12 of the Settlement makes clear, however, Defendants deny liability and absent settlement intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Mississippi Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Ohio Settlement Class" means, except for Exclusions, all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Ohio during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Periods mean the following time periods:

- For Tennessee LM policyholders, Structural Loss claims with dates of loss on or after May 31, 2018.

- For Tennessee Liberty, Liberty Fire and Safeco policyholders, Structural Loss claims with dates of loss on or after October 17, 2018.

- For Tennessee Ohio Security policyholders, Structural Loss claims with dates of loss on or after March 2, 2018.

- For Mississippi policyholders of LM, Liberty, Liberty Fire, and Safeco, Structural Loss claims with dates of loss on or after October 17, 2016.

- For Mississippi policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 2, 2017.

- For Ohio policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 24, 2018.

Also, for purposes of preliminarily approving the Settlement Agreement, Plaintiffs further request that they be appointed class representatives, and that the undersigned counsel be appointed as counsel for the class. In support of their motion, Plaintiffs state and show as follows:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement classes because counsel estimate that notice will be issue for approximately 10,800 claims at issue or potentially at issue. Each Defendant has greater than 100 claims at issue.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement classes because there are questions of law or fact common to all members of the proposed classes including but not limited to the single, predominating question presented—whether Defendants can withhold labor as depreciation under Defendants' property insurance policies. Plaintiffs' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement classes because Plaintiffs made claims under their standard-form insurance policy, and Defendants withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representatives' claims arose from the underpayment of their actual cash value claim, and their claim is identical in all respects to the claims of the putative classes.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement classes because Plaintiffs have fairly and adequately represented and protected the interests of the putative classes. Plaintiffs have no interest that conflicts with those of the classes. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for the settlement classes because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement Agreement attached as Exhibit 1 to the August 31, 2020 Erik D. Peterson Declaration.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the

attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

10. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following categories of relief:

> **Tennessee, Mississippi And Ohio Class Members With Still Withheld Non-Material Depreciation**: Tennessee and Mississippi policyholders from whom non-material depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive a net payment of 100% of the withheld non-material depreciation plus 5% simple interest for the time period of withholding.
>
> **Tennessee, Mississippi And Ohio Class Members Without Still Withheld Non-Material Depreciation**: Tennessee and Mississippi policyholders from whom non-material depreciation may have been initially withheld, but was subsequently repaid in full (*i.e*., through receipt of replacement cost benefits), and who submit a Claim Form, will receive a net payment reflecting 5% simple interest during the time period of withholding.

11. The proposed settlement classes do not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding of nonmaterial depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiffs' counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declarations of Plaintiffs' counsel, Plaintiffs respectfully move for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement Agreement, filed concurrently herewith.

Dated: August 31, 2020                    Respectfully submitted,

By: *s/ J. Brandon McWherter*
J. BRANDON McWHERTER - #21600
MCWHERTER SCOTT & BOBBITT, PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

ERIK D. PETERSON (admitted *pro hac vice*)
MEHR, FAIRBANKS & PETERSON
 TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
(859) 225-3731
edp@austinmehr.com

T. JOSEPH SNODGRASS (admitted *pro hac vice*)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN 55101
(651) 312-6500
jsnodgrass@larsonking.com

*Attorneys for Plaintiffs and*
*Putative Class Representative*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 31st day of August, 2020.

George ("Buck") Lewis
Nicole D. Berkowitz
Baker Donelson
First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

Rodger L. Eckelberry
Mark A. Johnson
Randy L. McClellan
Marissa A. Peirsol
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215

/s/ *J.Brandon McWherter*