IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN HOLMES, PATRICIA HOLMES, GERALD FOSTER, DAPHYNE FOSTER, ERNEST TEPPER, AND HELPING HANDS HOME IMPROVEMENT, LLC, individually and on behalf of all others similarly situated, <br><br>  Plaintiffs, <br><br> v. <br><br> LM INSURANCE CORPORATION, LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, AND SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | Civil Action No. 3:19-cv-00466 <br> Crenshaw/Newbern <br><br><br> JURY DEMANDED |
| NORTHSIDE CHURCH OF CHRIST, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OHIO SECURITY INSURANCE COMPANY <br><br> Defendant. | Civil Action No. 3:20-cv-00184 <br><br><br> JURY DEMANDED |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiffs Martin Holmes, Patricia Holmes, Gerald Foster, Daphyne Foster, Ernest Tepper, Helping Hands Home Improvement, LLC, and Northside Church of Christ, on behalf of themselves and the proposed Settlement Classes ("Plaintiffs"), respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants LM Insurance Corporation ("LM"), Liberty Insurance Corporation ("Liberty"), Liberty Mutual Fire Insurance Company ("Liberty Fire"), Safeco Insurance Company of American ("Safeco"), and Ohio Security Insurance Company ("Ohio Security") (collectively, "Defendants") will not oppose this motion for final approval of a settlement.[1]

For purposes of final approval of the settlement, the parties seek final certification of the following Settlement Class provisionally certified by the Court on October 6, 2020 (Dkt. 70, at ¶ 3):

> All policyholders within either the Tennessee Settlement Class, Mississippi Settlement Class, or Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all

---

[1] As Paragraph 1.11 of the Settlement makes clear, however, Defendants deny liability, and absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class. *See* Dkt. 66-2.

2

policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Mississippi Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Ohio Settlement Class" means, except for Exclusions, all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Ohio during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Periods mean the following time periods:

- For Tennessee LM policyholders, Structural Loss claims with dates of loss on or after May 31, 2018.

- For Tennessee Liberty, Liberty Fire and Safeco policyholders, Structural Loss claims with dates of loss on or after October 17, 2018.

- For Tennessee Ohio Security policyholders, Structural Loss claims with dates of loss on or after March 2, 2018.

- For Mississippi policyholders of LM, Liberty, Liberty Fire, and Safeco, Structural Loss claims with dates of loss on or after October 17, 2016.

- For Mississippi policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 2, 2017.

- For Ohio policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 24, 2018.

In support, the parties submit the following:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes 10,839 potential Settlement Class Members.

3. Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether Defendants can withhold labor as depreciation under Defendants' property policies.

4. Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiffs made claims under their standard-form insurance policies issued by Defendants, and Defendants withheld labor in making actual cash value payments to Plaintiffs. The proposed class representatives' claim arose from the underpayment of their actual cash value claim, and their claims relating to the issue of labor depreciation are identical in all respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class.

Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on August 31, 2020. Dkt. 66-2.

8. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

9. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, the proposed Settlement here contains three related classes: a Tennessee class, a Mississippi class, and an Ohio class. For Tennessee, Mississippi, and Ohio class members who submit claim forms, the Settlement will

5

result in 100% net recovery of withheld Nonmaterial Depreciation for Class Members who still have outstanding labor withheld from their prior ACV claim payments, plus simple interest at the rate of 5%. For Tennessee, Mississippi, and Ohio class members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, the Settlement will result in payment of simple interest at the rate of 5% per annum on the estimated Nonmaterial Depreciation that was initially withheld from the ACV payments from the date of the first ACV payment from which Nonmaterial Depreciation was withheld to the date of preliminary approval.

10. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

11. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court (Dkt. 66-7).

Dated: January 22, 2021          Respectfully submitted,

By: *s/ J. Brandon McWherter*
J. BRANDON McWHERTER - #21600
MCWHERTER SCOTT & BOBBITT, PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

ERIK D. PETERSON (admitted *pro hac vice*)
MEHR, FAIRBANKS & PETERSON
 TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
(859) 225-3731
edp@austinmehr.com

T. JOSEPH SNODGRASS (admitted *pro hac vice*)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN 55101
(651) 312-6500
jsnodgrass@larsonking.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 22nd day of January, 2021:

George ("Buck") Lewis
Nicole D. Berkowitz
Baker Donelson
First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

Rodger L. Eckelberry
Mark A. Johnson
Rand L. McClellan
Andrea C. Wiltrout
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215

*s/ J. Brandon McWherter*