UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MARTIN HOLMES, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:19-cv-00466 |
| ) | |
| **LM INSURANCE CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| **NORTHSIDE CHURCH OF CHRIST,** individually and on behalf of others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-cv-00184 |
| ) | |
| **OHIO SECURITY INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

## ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for Settlement (Doc. No. 71) and Motion for Attorneys' Fees (Doc. No. 73). The claims of Representative Plaintiffs Martin Holmes, Patricia Holmes (the "Holmes Plaintiffs"), Gerald Foster, Daphyne Foster (the "Foster Plaintiffs"), Ernest Tepper, Helping Hands Home Improvement, LLC ("Helping Hands"), and Northside Church of Christ ("Northside") (collectively, "Representative Plaintiffs") against Defendants LM Insurance Corporation ("LM"), Liberty Insurance Corporation ("Liberty"), Liberty Mutual Fire Insurance Company ("Liberty Fire"), Safeco Insurance Company of America

("Safeco"), and Ohio Security Insurance Company ("Ohio Security") (collectively, "Defendants"), have been settled pursuant to the Stipulation and Settlement Agreement dated August 27, 2020 (the "Agreement"). On October 6, 2020, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement (the "Settlement") and provisionally certified the Settlement Class for settlement purposes only (Doc. No. 70).

On February 5, 2021, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether judgment should be entered dismissing the Representative Plaintiffs' claims on the merits and with prejudice, including the claims of Class Members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and service awards to the Representative Plaintiffs.

Having reviewed and considered the Parties' Agreement, the record in this case, Plaintiffs' Memoranda of Law in support of the pending motions (Doc. Nos. 72, 74), and supporting declarations (see Doc. Nos. 75-78), the Court finds and concludes as follows:

1. **Jurisdiction.** The Court has personal jurisdiction over Representative Plaintiffs, Defendants, and Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and the Court has jurisdiction to enter this Judgment.

2. **Retention of Jurisdiction**. Without affecting the finality of this Judgment, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Agreement and of this Judgment. Further, the Court retains jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may

be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

3. **Incorporation of Settlement Documents.** The terms and conditions in the Agreement that was attached to the motion for preliminary approval filed with the Court (Doc. No. 67) are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Agreement.

4. **Final Settlement Approval and Dismissal of Claims.** The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive and multiple settlement negotiation sessions. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

5. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Representative Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to Class Members predominate over any questions affecting any individual Class Member; (f) the Settlement Class

is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class.

6. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, defined as follows:

> a. All policyholders within either the Tennessee Settlement Class, Mississippi Settlement Class, or Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> b. "Tennessee Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> c. "Mississippi Settlement Class" means, except for Exclusions, all policyholders under any homeowners residential property insurance policy issued by LM, Liberty, Liberty Fire or Safeco, and all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located in the State of Mississippi during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> d. "Ohio Settlement Class" means, except for Exclusions, all policyholders under any commercial property damage insurance policy issued by Ohio Security, who made: (a) a Structural Loss claim for property located

in the State of Ohio during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

    e. Class Periods mean the following time periods:

        i. For Tennessee LM policyholders, Structural Loss claims with dates of loss on or after May 31, 2018.

        ii. For Tennessee Liberty, Liberty Fire and Safeco policyholders, Structural Loss claims with dates of loss on or after October 17, 2018.

        iii. For Tennessee Ohio Security policyholders, Structural Loss claims with dates of loss on or after March 2, 2018.

        iv. For Mississippi policyholders of LM, Liberty, Liberty Fire, and Safeco, Structural Loss claims with dates of loss on or after October 17, 2016.

        v. For Mississippi policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 2, 2017.

        vi. For Ohio policyholders of Ohio Security, Structural Loss claims with dates of loss on or after March 24, 2018.

7. Pursuant to Fed. R. Civ. P. 23(g) the Court appoints the law firms of Mehr, Fairbanks & Peterson, McWherter Scott Bobbitt PLC, and Larson King, LLP as Class Counsel for the Settlement Class.

8. The Court also designates Representative Plaintiffs Martin Holmes, Patricia Holmes, Gerald Foster, Daphyne Foster, Ernest Tepper, Helping Hands Home Improvement, LLC, and Northside Church of Christ as the representatives of the Settlement Class.

9. The Court makes the following findings with respect to Class Notice to the Settlement Class:

    a. The Court finds that the Class Notice, the establishment of an automated toll-free interactive voice response phone system, and the Settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i)

constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

       b.     Class Counsel has filed with the Court a declaration from JND Legal Administration, the independent third-party Administrator for the Settlement, establishing that the Class Notice and Claim Form were mailed to Class Members on November 20, 2020, the Settlement website was established on November 20, 2020, and the telephone line available for Class Members to call was available beginning November 20, 2020. Adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

10.    Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement website. The Court finds that the individual interests of the two (2) persons who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

11.    **<u>Notice.</u>** Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq*., in connection with the proposed Settlement.

12.    **<u>Objections.</u>** No Class Member filed an objection to the Settlement. The lack of any objection by a well-noticed Settlement Class supports the fairness, reasonableness, and adequacy of the Settlement.

13.    Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for attorneys' fees, costs, and expenses, or to the service awards to the Representative Plaintiffs, in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

14. The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class Members.

15. **Attorneys' Fees, Litigation Expenses, and Service Awards.** The Court **GRANTS** Plaintiffs' Motion for Service Awards to Class Representatives and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel (Doc. No. 73). Pursuant to Fed. R. Civ. P. 23(e), (h), and Fed. R. Civ. P. 54(d)(2), the Court hereby awards Class Counsel attorneys' fees in the total amount of one $1,816,053 and expenses in the total amount of $47,612.88 dollars, payable by Defendants pursuant to the terms of the Agreement. The Court also awards service awards in the amount of $7,500 each to Representative Plaintiffs Martin Holmes, Patricia Holmes, Gerald Foster, Daphyne Foster, Ernest Tepper, Helping Hands Home Improvement, LLC, and Northside Church of Christ, payable by Defendants pursuant to the terms of the Agreement. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court. In awarding these amounts, the Court finds as follows:

    a. The resolution of this case has created a common benefit fund for the class, so it is appropriate to assess attorneys' fees against the fund.

    b. Class Counsel's requested fee award is fair and reasonable under the percentage-of-the-fund approach and the lodestar analysis.

    c. No objections were made to Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Class Representative's request for reimbursement of its reasonable costs and expenses.

16. **Binding Effect.** The terms of the Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all Released Claims by Representative Plaintiffs and each Class Member who did not timely and properly exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Persons.

17. **Termination of Settlement.** If the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

18. Within 10 days after the Effective Date, Representative Plaintiffs and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction.

19. The Released Claims of Representative Plaintiffs Martin Holmes, Patricia Holmes, Gerald Foster, Daphyne Foster, Ernest Tepper, Helping Hands Home Improvement, LLC, and Northside, individually and on behalf of the Settlement Class, are hereby settled, compromised, and dismissed on the merits and with prejudice against Defendants without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

20. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

Pursuant to Rule 54(b), the Court hereby enters Final Judgment as described herein and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

## **Exhibit 1 – List of Timely Exclusions**

1. M. Teel (received 1/4/21)

2. L. Finney (received 12/15/20)